# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WAYNE SEDLAK and LORI C. SEDLAK,**

    Plaintiffs,

-vs-                                    Case No. 15-C-567

**TREBON & MAYHEW, et al.,**

    Defendants.

## DECISION AND ORDER

This *pro se* complaint, ostensibly bringing claims under the Fair Debt Collections Act, is really a collateral attack on a foreclosure proceeding in state court. Some, but not all, of the remaining defendants move to dismiss, arguing in pertinent part that this action is barred by the *Rooker-Feldman* doctrine. The Court agrees. Since *Rooker-Feldman* is jurisdictional, this matter will be dismissed in its entirety. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554-55 (7th Cir. 1999); *El v. Circuit Court of the Tenth Judicial Circuit of Ill. Peoria*, 132 F. Supp. 3d 1024, 1030 (C.D. Ill. 2015).

Plaintiffs complain that they were "maliciously denied" their "day in court" when the state court judge "rejected their pleadings which contained numerous material facts in dispute." Complaint, ¶ 25. Thus according to

the plaintiffs, filing this action is "the only possible way of having their case heard before a neutral and honest jurist." *Id.*, ¶ 28. As such, this action is clearly barred by *Rooker-Feldman*, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The motions to dismiss [ECF Nos. 19 and 53] are **GRANTED**. This matter is **DISMISSED** in its entirety. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of May, 2016.

**SO ORDERED:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**